AF Approval ~~~~~~~  Chief Approval ~~~~~

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2018 JUN 26 PM 2: 48

_LE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

    v.                      CASE NO. 6:18-cr- 150-0LL - 40GJK

ERVING RODRIGUEZ

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by and through the Fraud Section of the Criminal Division of the United States Department of Justice and Maria Chapa Lopez, United States Attorney for the Middle District of Florida (hereinafter referred to as the "United States" or the "government"), and the defendant, ERVING RODRIGUEZ (hereinafter referred to as the "defendant"), and the attorney for the defendant, Robert Nicholson, Esq., mutually agree as follows:

## A. Particularized Terms

### 1. Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with conspiracy to offer, pay, solicit, and receive healthcare kickbacks, in violation of 18 U.S.C. § 371.

Defendant's Initials _____

2.    Maximum Penalties

Count One carries a maximum sentence of five years imprisonment, a fine of $250,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, a term of supervised release of not more than three years, and a special assessment of $100 per felony count for individuals. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:     two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

Second:    the Defendant knew the unlawful purpose of the plan and willfully joined in it;

Third:     during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the information; and

Defendant's Initials  _CR_          2

Fourth:     the overt act was committed at or about the time

alleged and with the purpose of carrying out or

accomplishing some object of the conspiracy.

4.    Indictment Waiver

Defendant will waive the right to be charged by way of indictment

before a federal grand jury.

5.    No Further Charges

If the Court accepts this plea agreement, the Fraud Section of the

United States Department of Justice and the United States Attorney's Office for

the Middle District of Florida agrees not to charge defendant with committing

any other federal criminal offenses known to the Fraud Section of the United

States and the United States Attorney's Office at the time of the execution of

this agreement, related to the conduct giving rise to this plea agreement.

6.    Guidelines Sentence -- Joint Recommendation

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and

the defendant agree to jointly recommend to the Court that the defendant be

sentenced within the defendant's applicable guidelines range as determined by

the Court pursuant to the United States Sentencing Guidelines, as adjusted by

any departure the United States has agreed to recommend in this plea

agreement. The parties understand that such a recommendation is not binding

Defendant's Initials _____       3

on the Court and that, if it is not accepted by this Court, neither the United

States nor the defendant will be allowed to withdraw from the plea agreement,

and the defendant will not be allowed to withdraw from the plea of guilty.

7.    Adjusted Offense Level

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and

the defendant agree they will jointly recommend to the Court that the

defendant's adjusted offense level be calculated at 23, as determined below:

| Guideline | Description | Levels |
|---|---|---|
| 2B4.1 | Base Offense | Level 8 |
| 2B1.1(b)(1) | Specific Offense Characteristic | Level 18 |
| 3E1.1 | Acceptance of Responsibility | Level -3 |
| Total Adjusted Offense Level | | 23 |

The defendant understands that this recommendation or request is

not binding on the Court, and if not accepted by the Court, the defendant will

not be allowed to withdraw from the plea.

8.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse

information is received suggesting such a recommendation to be unwarranted,

the United States will recommend to the Court that the defendant receive a

two-level downward adjustment for acceptance of responsibility, pursuant to

USSG §3E1.1(a).  The defendant understands that this recommendation or

request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the Fraud Section of the United States and the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not

Defendant's Initials _CR_          5

binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

10.   <u>No Downward Departure - Joint Recommendation</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree to jointly recommend to the Court that in sentencing the defendant the Court not depart downward from the applicable sentencing guideline range, and the United States and the defendant further agree that no such downward departure would be appropriate in this case.

Further, the United States and the defendant agree, although not binding on the Probation Office or the Court, that there are no factors or circumstances which would support or otherwise suggest the propriety of the Court's finding of any variance under Title, 18, United States Code, Section 3553(a).

11.   <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of

Defendant's Initials _____      6

any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the Fraud Section of the United States and the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant

Defendant's Initials _____          7

cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

12.   Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

13.   Cooperation - Responsibilities of Parties

a.   The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.   It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and

Defendant's Initials _____          8

unreservedly disclose and provide full, complete, truthful, and honest

knowledge, information, and cooperation regarding any of the matters noted

herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or

false declarations, if any, committed while testifying pursuant to this

agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for

the charges which are to be dismissed pursuant to this agreement, if any, and

may either seek reinstatement of or refile such charges and prosecute the

defendant thereon in the event such charges have been dismissed pursuant to

this agreement.  With regard to such charges, if any, which have been

dismissed, the defendant, being fully aware of the nature of all such charges

now pending in the instant case, and being further aware of defendant's rights,

as to all felony charges pending in such cases (those offenses punishable by

imprisonment for a term of over one year), to not be held to answer to said

felony charges unless on a presentment or indictment of a grand jury, and

further being aware that all such felony charges in the instant case have

heretofore properly been returned by the indictment of a grand jury, does

hereby agree to reinstatement of such charges by recision of any order

dismissing them or, alternatively, does hereby waive, in open court,

Defendant's Initials _____     9

prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the

Defendant's Initials _____     10

United States, the United States may move the Court to declare this entire plea agreement null and void.

14.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(7), whether in the possession or control of the United States, the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, the $3,185,155.96 in proceeds the defendant admits he obtained, as the result of the commission of the offense to which the defendant is pleading guilty.  The defendant acknowledges and agrees that:  (1) the defendant obtained this amount as a result of the commission of the offense, and (2) as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence. Therefore, the defendant agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit any other property of the defendant (substitute assets), up to the amount of proceeds the defendant obtained, as the result of the offense of conviction.  The defendant further consents to, and agrees not to oppose, any motion for substitute assets filed by the United States up to the amount of proceeds obtained from commission of the offense.  The

Defendant's Initials ___CR___               11

defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant also agrees to waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing. To that end, the defendant agrees to

Defendant's Initials _____      12

make a full and complete disclosure of all assets over which defendant exercises control, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including the forfeiture of any substitute assets, is final.

**B.   Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. §

Defendant's Initials _____              14

3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the

conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _____          17

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly

Defendant's Initials _____       18

waives the right to appeal defendant's sentence on any ground, including the

ground that the Court erred in determining the applicable guidelines range

pursuant to the United States Sentencing Guidelines, except (a) the ground that

the sentence exceeds the defendant's applicable guidelines range as determined

by the Court pursuant to the United States Sentencing Guidelines; (b) the

ground that the sentence exceeds the statutory maximum penalty; or (c) the

ground that the sentence violates the Eighth Amendment to the Constitution;

provided, however, that if the government exercises its right to appeal the

sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is

released from his waiver and may appeal the sentence as authorized by 18

U.S.C. § 3742(a). In addition to the foregoing provisions, the defendant hereby

waives all rights to argue on appeal that the statute to which the defendant is

pleading guilty is unconstitutional and that the admitted conduct does not fall

within the scope of the statute. The Defendant further agrees, together with the

United States, to request that the Court enter a specific finding that the

Defendant's waiver of his right to appeal the sentence to be imposed in this

case was knowing and voluntary.

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Fraud

Section of the United States Department of Justice and the Office of the United

States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to

Defendant's Initials _____     20

persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are

true, and were this case to go to trial, the United States would be able to prove

those specific facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the

government and the defendant with respect to the aforementioned guilty plea

and no other promises, agreements, or representations exist or have been made

to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this 2 1 ST day of June, 2018.

MARIA CHAPA LOPEZ
United States Attorney


ERVING RODRIGUEZ
Defendant

Alexander J. Kramer
Trial Attorney
Criminal Division, Fraud Section


Robert Nicholson
Attorney for Defendant

Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                            CASE NO. 6:18-cr-

ERVING RODRIGUEZ

## PERSONALIZATION OF ELEMENTS

    <u>First:</u>       From in or around January 2015, and continuing through in or around August 2015, did you and another person in some way agree to try to accomplish a shared and unlawful plan?

    <u>Second:</u>    Did you know the unlawful purpose of the plan and willfully join in it?

    <u>Third:</u>     During the conspiracy, did you or one of your co-conspirators knowingly engage in at least one overt act as described in the information?

    <u>Fourth:</u>    Was the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy?

Defendant's Initials _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                              CASE NO. 6:18-cr-

ERVING RODRIGUEZ

### FACTUAL BASIS

The United States and Defendant Erving Rodriguez ("Rodriguez") agree that the following facts are true and correct, would have been proved beyond a reasonable doubt had this matter proceeded to trial, and are sufficient to support a plea of guilty.

Between approximately January 2015 and August 2015, in the Middle District of Florida, Rodriguez and others knowingly and willfully conspired and agreed to commit certain offenses against the United States, namely, to solicit and receive any remuneration, including kickbacks and bribes, in return for referring individuals to a person for the furnishing and arranging for the furnishing of prescription compounded drugs, for which payment may be made in whole and in part by a Federal health care program, that is, TRICARE, in violation of Title 18, United States Code, Section 371.

Defendant's Initials _CR_

Rodriguez owned and operated ER Pro Corp. ("ER Pro") in the Middle District of Florida. ER Pro worked with telemarketers and telemedicine companies to obtain prescriptions for TRICARE beneficiaries for compounded medications. ER Pro contracted with telemarketing companies in order to identify TRICARE beneficiaries that were purportedly interested in receiving compounded medications. ER Pro provided this information to telemedicine companies that, in turn, provided ER Pro with prescriptions for the compounded medications for these TRICARE beneficiaries. Rodriguez controlled where to send the prescriptions.

Beginning in January 2015, Rodriguez sent prescriptions for compounded medications for TRICARE beneficiaries to Life Worth Living Pharmacy in return for illegal kickbacks. Rodriguez entered into an agreement with Michael Ayotunde, a pharmacist and the owner of Life Worth Living Pharmacy, whereby Ayotunde would pay Rodriguez for each prescription he sent to Life Worth Living Pharmacy that was reimbursed by TRICARE. On various occasions between January 2015 and August 2015, Rodriguez sent prescriptions to Life Worth Living Pharmacy in return for payment. Between January 2015 and August 2015, Michael Ayotunde paid Rodriguez approximately $3,185,155.96 in return for the prescriptions for compounded medication for TRICARE beneficiaries. These payments

Defendant's Initials _CA_                    2

included the following transactions in the Middle District of Florida: a

$100,000 wire on March 31, 2015, from Life Worth Living Pharmacy's

Regions Bank account ending in 8664 to ER Pro's BMO Harris Bank account

ending in 8289; a $26,083.47 check payable to "ER PRO CORP", deposited

on or about April 9, 2015, from Life Worth Living Pharmacy's Regions Bank

account ending in 0245 to ER Pro's BMO Harris Bank account ending in

8289; a $500,000 wire on April 29, 2015, from Life Worth Living Pharmacy's

Regions Bank account ending in 8664 to ER Pro's BMO Harris Bank account

ending in 8289; and a $500,000 wire on May 13, 2015, from Life Worth

Living Pharmacy's Regions Bank account ending in 8664 to ER Pro's BMO

Harris Bank account ending in 8289.

     As a result of Rodriguez and his co-conspirators' conduct,

TRICARE paid approximately $7,625,263.38 to Life Worth Living Pharmacy

for prescriptions for compounded medications that were procured though

kickback payments.

     The preceding statement is a summary, made for the purpose of

providing the Court with a factual basis for my guilty plea to the charges

against me. It does not include all of the facts known to me concerning

criminal activity in which I and others engaged. I make this statement

Defendant's Initials _CR_       3

knowingly and voluntarily and because I am in fact guilty of the crime charged.